UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK THELEN,

        Petitioner,

                                    CASE NO. 2:16-CV-14241
v.                                  HONORABLE NANCY G. EDMUNDS

J. A. TERRIS,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION
## FOR A WRIT OF HABEAS CORPUS

### I.    Introduction and History

Federal prisoner Patrick Thelen ("Petitioner"), while confined at the Federal

Correctional Institution in Milan, Michigan, filed a pro se petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 challenging the validity of his career offender designation

and his federal sentence. In 1997, Petitioner was convicted of two drug trafficking offenses

and felon in possession of a firearm in violation of 18 U.S.C. §§ 841(a)(1) and 922(g)

following a jury trial before another judge in this district and was sentenced to concurrent

terms of 37 years imprisonment, 30 years imprisonment, and 10 years imprisonment with

eight years of supervised release. Petitioner was sentenced as a career offender under

the federal sentencing guidelines for having previously been convicted of at least two prior

controlled substance offenses. *See* USSG §§ 4B1.1(a), 4B1.2(b). His prior felonies

included possession with intent to distribute marijuana convictions from Oklahoma and

Michigan.

Following his sentencing, Petitioner filed an appeal with the United States Court of Appeals for the Sixth Circuit, which affirmed his convictions. *United States v. Thelen*, 182 F.3d 919 (6th Cir. 1999). In 2000, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 before the sentencing judge in this district, which was denied. Petitioner filed an appeal with the Sixth Circuit, which affirmed the district court's decision. *Thelen v. United States*, 131 F. App'x 61 (6th Cir. 2005). Petitioner thereafter filed successive motions to challenge his sentence under § 2255, but those motions were rejected by the Sixth Circuit. *See In re Patrick Thelen*, No. 07-1454 (6th Cir. July 11, 2007); *In re Patrick Thelen*, No. 10-2317 (6th Cir. Sept. 15, 2011); *In re Patrick Thelen*, No. 14-1842 (6th Cir. 2015).

Petitioner filed his original habeas petition challenging the use of his prior Oklahoma drug trafficking conviction to enhance his sentence in December, 2016 and a supplemental petition challenging the use of his prior Michigan drug trafficking conviction to enhance his sentence in March, 2017. In his pleadings, Petitioner asserts that he should be allowed to proceed under § 2241 pursuant to *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), because he is actually innocent of being a career offender under the sentencing guidelines. Specifically, he asserts that his prior Oklahoma and Michigan convictions for possession with intent to distribute marijuana do not qualify as predicate drug offenses under the guidelines following the United States Supreme Court's decisions in *Descamps v. United States*, 570 U.S. 254 (2013), and *Mathis v. United States*, _ U.S. _, 136 S. Ct. 2243 (2016). Respondent has filed answers to the original and supplemental petitions contending that Petitioner is not entitled to relief under § 2241 based upon *Hill* because his prior Oklahoma

2

and Michigan drug trafficking convictions still qualify as predicate offenses after *Descamps* and *Mathis*. Petitioner has filed replies to those answers.

## II. Discussion

A federal prisoner seeking to challenge his or her conviction or sentence must normally file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 with the sentencing court. *See Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). A federal prisoner may challenge his or her conviction or sentence pursuant to 28 U.S.C. § 2241 in the district court where he or she is confined only if he or she establishes that the post-conviction remedy afforded under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *Wooten v. Cauley*, 677 F. 3d 303, 307 (6th Cir. 2012); *Charles*, 180 F.3d at 756. The petitioner has the burden of establishing that his or her remedy under § 2255 is inadequate or ineffective. *Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003).

For many years, the United States Court of Appeals for the Sixth Circuit held that a federal prisoner could not raise a sentencing challenge under 28 U.S.C. § 2241 via the "savings clause" of § 2255. *See, e.g., Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). The Sixth Circuit, however, recently modified this rule. In *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), the Sixth Circuit held that a federal prisoner may obtain habeas relief under § 2241 based on "a misapplied sentence," if he or she establishes "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage

of justice or a fundamental defect." *Id.* at 595. The Sixth Circuit went on to state that its decision addressed "only a narrow subset of § 2241 petitions: (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005), (2) who are foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement." *Hill*, 836 F.3d at 599-600.

Respondent concedes that Petitioner meets the first two *Hill* requirements (under the narrower standard) because he was sentenced in 1997 under the *pre-Booker* mandatory guidelines and he cannot proceed on a successive petition under § 2255 because his claims are based upon statutory interpretation, not a change in constitutional law. *See* Resp. Ans., pp. 6-7. The question is thus whether Petitioner meets the third *Hill* requirement – that a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career offender enhancement. This is a substantive issue that turns on the merits of Petitioner's sentencing claims, i.e., whether *Descamps* and *Mathis* preclude his prior Oklahoma and Michigan possession with intent to distribute marijuana convictions from qualifying as predicate offenses under the sentencing guidelines so as to justify his career offender sentencing enhancement.[1]

---

[1] The Court notes that the same analysis applies if the Court uses the broader standard set forth in *Hill*. Petitioner meets the first requirement because *Mathis* involves a case of statutory interpretation. *Muir v. Quintana*, No. 17-6050, 2018 WL 4276133, *2 (6th Cir. April 26, 2018); *Sutton v. Quintana*, No. 16-6534, 2017 WL 4677548, *2 (6th Cir. July 12, 2017); *accord Dawkins v. United States*, 829 F.3d 549, 551 (7th Cir. 2016). Petitioner meets the second requirement in that *Mathis* did not

Having reviewed the matter, the Court concludes that Petitioner fails to satisfy the

third *Hill* requirement. Petitioner's Oklahoma and Michigan convictions for possession with

intent to deliver marijuana both qualify as predicate offenses under the federal sentencing

guidelines, and neither *Descamps* nor *Mathis* alters that conclusion. The Sixth Circuit has

concisely set forth the applicable procedure for resolving such claims as follows:

> To determine whether a prior conviction qualifies as a predicate offense, the reviewing court first looks to the statutory definition of the prior conviction, and if it is not broader than the federal definition, the inquiry ends; it is categorically a crime of violence or a controlled-substance offense. *United States v. Meeks*, 664 F.3d 1067, 1070 (6th Cir. 2012). If it is broader than the federal definition, the next step of the inquiry is whether the statute lists alternate elements of an offense—i.e., is divisible—rather than alternate means of committing the offense. *Mathis*, 136 S. Ct. at 2256. If the statute is divisible, the court may consider "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.* at 2249. If the statute is not divisible, a conviction under that statute cannot serve as a predicate offense. *Id.* at 2256.

*Thompson v. Terris*, No. 17-1837, 2018 WL 3570974, *2 (6th Cir. May 21, 2018). To

determine whether the statute lists elements or means, a court looks to "authoritative

sources of state law," such as a state court decision that resolves the question or the

statutory text. A court may also "peek" at the record of the prior conviction, but only to

---

announce a new rule, *see In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017) (citing cases), and thus applies to cases on direct appeal and collateral review (albeit not retroactively per se) as its holding is dictated by existing precedent. *See Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (holding that "an old rule applies both on direct and collateral review"); *Sutton*, 2017 WL 4677548 at *2; *Muir*, 2018 WL 4276133 at *2. Additionally, Petitioner could not avail himself of *Mathis* at the time of his § 2255 motion given that *Descamps* was decided in 2013 and *Mathis* was decided in 2016, several years after Petitioner's § 2255 motion was denied. The remaining question is whether Petitioner can satisfy the third requirement – that he is subject to a misapplied sentence which presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. Again, this goes to the merits of his claims.

resolve the question of elements or means. *Mathis*, 136 S. Ct. at 2256-57.

Under the federal sentencing guidelines, a defendant is a career offender if he or she has at least two prior felony convictions for either a "crime of violence" or a "controlled substance offense." USSG § 4B1.1(a). A "controlled substance offense" is defined, in relevant part, as an offense "punishable by imprisonment for a term exceeding one year that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with the intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

With respect to Petitioner's prior Oklahoma conviction, the relevant drug trafficking statute makes the following a felony:

> To distribute, dispense, transport with intent to distribute or dispense, possess with intent to manufacture, distribute, or dispense, a controlled dangerous substance or to solicit the use of or use the services of a person less than eighteen (18) years of age to cultivate, distribute or dispense a controlled dangerous substance.

Okla Stat. Title 63, § 2-401(A)(1).

A simple reading of the statutory language shows that the Oklahoma statute's definition of the crime is not broader than the federal definition contained in the guidelines. Petitioner asserts that Oklahoma case law broadens the definition of the term "distribute" because it provides that "to be found guilty of possession with intent to distribute, it is enough that the defendant intends to divide, share, or deliver the drugs with or without compensation." *Martin v. Addison*, No. 09-632, 2011 WL 2516273, *5 (W.D. Okla. May 19, 2011). Petitioner's argument is unavailing. *Descamps* and *Mathis* refer to a crime's statutory language. Because the language of the Oklahoma statute is not broader than the

federal language, the Court need not inquire further and Petitioner's prior conviction counts as a predicate offense. Moreover, possession with intent to distribute a controlled substance under Oklahoma law is not broader than under federal law. Under 21 U.S.C. § 841(a)(1), giving drugs to others constitutes distributing drugs, even without exchanging money. *See United States v. Ironi*, 525 F.3d 683, 689 (8th Cir. 2008). All that is required to distribute a controlled substance under federal law is the transfer of a controlled substance from one person to another, and an exchange of money is not required. *See United States v. Campbell*, 70 F.3d 1273, *1 (6th Cir. 1995) (table). Thus, even if Oklahoma law includes dividing or sharing, it does not sweep more broadly than federal law. To be sure, there is no realistic probability that a defendant would be convicted under the Oklahoma statute for conduct that would fall outside the generic federal definition of distribution. Petitioner's prior Oklahoma conviction still qualifies as a predicate offense so as to support his career offender designation after *Descamps* and *Mathis*.

With respect to Petitioner's prior Michigan conviction, the relevant drug trafficking statute makes it a felony for a person to "manufacture, create, deliver or possess with intent to manufacture, create or deliver a controlled substance, a prescription form, or a counterfeit prescription form." Mich. Comp. Laws § 333.7401(1). The Sixth Circuit has ruled that the Michigan drug trafficking statute is divisible and that a Michigan controlled substance conviction constitutes a predicate offense to support a career offender enhancement under the federal sentencing guidelines after *Descamps* and *Mathis. See United States v. House*, 872 F.3d 748, 753-54 (6th Cir. 2017); *United States v. Tibbs*, 685 F. App'x 456, 462-63 (6th Cir. 2017). This Court is bound by those decisions. Petitioner's

prior Michigan conviction still qualifies as a predicate offense so as to support his career offender designation after *Descamps* and *Mathis.*

Given the foregoing discussion, the Court finds that Petitioner fails to satisfy *Hill*'s third requirement. He fails to show that his prior Oklahoma and Michigan possession with intent to distribute marijuana convictions are no longer predicate controlled substance offenses under the federal sentencing guidelines following *Descamps* and *Mathis* so as to invalidate his armed career offender sentencing enhancement. Petitioner bears the burden of showing that he is entitled to relief under § 2241. *See Hill,* 836 F.3d at 595. He has not done so. He fails to establish that he is subject to a misapplied sentence that presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. He is thus not entitled to habeas relief under § 2241.

Lastly, to the extent that Petitioner asserts that the use of his prior Oklahoma and Michigan possession with intent to deliver marijuana convictions to enhance his sentence violates his due process rights, he is not entitled to relief. Such a due process claim is not based upon a new rule of statutory interpretation; rather it is a constitutional claim. Consequently, it is a claim that Petitioner could have raised at the time of sentencing, on direct appeal, or in a motion to vacate sentence pursuant to 28 U.S.C. § 2255. As a result, it falls outside the purview of § 2241. Habeas relief is not warranted.

## III.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his sentencing claims. Accordingly, the Court **DENIES** and **DISMISSES** with prejudice the petition for a writ of habeas corpus.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Consequently, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED**.

NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: January 7, 2019